## SAMUEL SMITH, Petitioner for Certiorari.

A writing indorsed on the warrant of a sergeant in a militia company, purporting to be a certificate of his appointment as clerk, but not signed by the commanding officer of the company, is insufficient as a certificate of such appointment; and it cannot be amended after issue joined upon a complaint filed by the sergeant, as clerk, by affixing such signature.

THIS was a petition for a writ of certiorari to Charles W Hopkins, a justice of the peace, by whom the petitioner was fined, on August 4, 1833, for neglect of military duty. The petitioner assigned as reasons for his application, that William K. Dewey, who acted as clerk of the company in which the petitioner was enrolled, and who filed the complaint against him, had received no appointment as such by the commanding officer of the company; that the commanding officer did not sign the certificate of the appointment of Dewey as clerk, and that the justice allowed him to sign it after issue was joined upon the complaint.

A certificate of the appointment of Dewey as clerk, dated May 7, 1833, had been written on the back of his warrant as sergeant, with a blank space left for the signature of the commanding officer, immediately before the words " Lieutenant-commander of the within company;" and then followed a certificate of the same date, signed by the commanding officer, that Dewey was duly qualified to discharge the duties of clerk.

*Sept. 11th.* *Hubbard* and *Bishop*, for the petitioner, cited *St.* 1808, c. 109, § 8, *Commonwealth* v. *Hall*, 3 Pick. 262; *Sherman* v. *Needham*, 4 Pick. 66; *Commonwealth* v *Sherman*, 5 Pick. 239.

*Sumner*, *contrà*, cited *Clapp* v. *Watson*, 8 Pick. 449 ; *Commonwealth* v. *Parker*, 2 Pick. 550.

Shaw C. J. delivered the opinion of the Court. The clerk of a military company holds an important civil as well as military office, of which citizens liable to the performance of military duty, as well as magistrates and others, are bound to take notice ; and he must be duly appointed and qualified, according to the statute regulating the appointment. *St.* 1809, *c.* 108, § 8. The statute requires the captain or commanding officer, to certify on the back of his warrant as sergeant, that he does thereby appoint him to be clerk of the company. A certificate, *ex vi termini*, means a written instrument signed by the commander, or by his direction. This is the commission of the clerk, the authentic evidence of his title to the office. He must be thus qualified at the time of filing the complaint, which is the basis of the legal proceeding against delinquents, and therefore the signing of the certificate, at the time of the trial was insufficient. This is very distinguishable from *Clapp* v. *Watson*, 8 Pick. 449, where there was a certificate in writing, defective only as to date.

*Certiorari ordered.*